IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

GEORGE DAWSON )
and KEN AARON, )
)
Plaintiffs, ) TC-MD 110643C
)
v. )
)
DOUGLAS COUNTY ASSESSOR, )
)
Defendant. ) **DECISION OF DISMISSAL**

This matter is before the court on Defendant's written request for dismissal of Plaintiffs' appeal. The request was included in a document titled "Answer and Motions," and filed June 10, 2011. The court addressed the dismissal request at a telephone case management hearing September 27, 2011. Plaintiffs were represented by Steve Gerlt. Plaintiff George Dawson also appeared at that proceeding. Defendant was represented by Paul Meyer, Douglas County Counsel.

The basis for the dismissal request is that Plaintiffs did not file an appeal with the county board of property tax appeals (Board) before appealing to this court, and do not meet the requirements of ORS 305.288. Defendant also argues that Plaintiffs filed essentially two appeals, the appeal in this court and a protective appeal petition with the Oregon Department of Revenue, and Plaintiffs are, or should be, required to elect between the two available remedies. Defendant filed a response disagreeing with the requested relief and moving for dismissal. For the reasons set forth below, the court is granting Defendant's request.

Plaintiffs are seeking a reduction in the real market value (RMV) of the subject property, identified in the assessor's records as Account R24542, for the 2010-11 tax year, from $212,475 to the March 2010 purchase price of $35,000. Plaintiffs did not appeal to the Board before coming to this court. The subject property is a commercial structure that was previously owned

and operated by the Veterans of Foreign Wars (VFW), and prior to that, as the local movie theater in the town of Riddle. The property was exempt from taxation when owned and operated by the VFW.

Because there was no appeal to the Board before the appeal was filed with this court, the statutorily prescribed process of appeal was not followed. *See generally* ORS 309.100(1)[1] (authorizing property owners to file petitions with BOPTA); ORS 309.026(2) (authorizing BOPTA to hear requests for reductions in assessed value, real market value and maximum assessed value); ORS 305.275(3) (precluding a taxpayer from appealing to the magistrate division of the Tax Court if the taxpayer may appeal to the Board). Ordinarily, that would be the end of the matter. However, recognizing that there are certain situations in which taxpayers do not follow the proper appeal process, the legislature carved out a limited set of circumstances where a taxpayer can nonetheless file an appeal with the Tax Court seeking a reduction in value.

In this case, because the property is nonresidential, the court can only consider the appeal if Plaintiffs meet the "good and sufficient cause" provisions of ORS 305.288(3) and (5). Those provisions provide, in relevant part, that the court can consider an appeal and order a reduction in the value of a property where the taxpayer appeals directly to this court provided the "taxpayer has no statutory right of appeal remaining and the tax court determines that good and sufficient cause exists for the failure by the * * * taxpayer to pursue the statutory right of appeal." ORS 305.288(3).

Subsection (5) of ORS 305.288 defines the term "good and sufficient cause" in fairly stringent terms. In order to meet the good and sufficient cause standard, the taxpayer must show that "an extraordinary circumstance that [wa]s beyond the control of the taxpayer, or the taxpayer's agent or representative * * * cause[d] the taxpayer * * * to fail to pursue the statutory right of appeal." ORS 305.288(5)(b)(A). Thus, the taxpayer must establish: 1) an extraordinary

---

[1] All references to the Oregon Revised Statute (ORS) are to 2009.

circumstance; and 2) that such circumstance prevented the taxpayer from timely appealing. The statute goes on to provide that neither "inadvertence, oversight, lack of knowledge, [or] hardship" constitute good and sufficient cause. ORS 305.288(5)(b)(B).

Gerlt, on behalf of his clients, argued that Plaintiffs were not at fault for not petitioning the Board before appealing directly to this court, because they did not receive the tax statement due to an error made by the title company including the wrong address on the deed. At the court's request, Defendant submitted a copy of the deed that was recorded upon the sale of the property to Plaintiffs. The deed clearly states that:

> "[u]ntil a change is requested all tax statements shall be sent to the following address: George D. Dawson and Sherry R. Dawson 231 Main St., Riddle, OR 97469."

That is the physical address for the subject property. Gerlt stated that the property was previously exempt as the former VFW Hall, and before that, as the local town movie theater. Gerlt stated that Dawson bought the property for sentimental reasons and that it had very little market value. Gerlt further argued that Dawson was not aware that the taxes had not been paid until April 1, 2011, and that he immediately took steps to rectify the matter by going down to the assessor's office to pay the taxes. Gerlt insists Plaintiffs then timely appealed under ORS 305.280(1) within 90 days of the date of their knowledge of the problem of overvaluation. Gerlt argued that under ORS 311.560, the tax collector could have easily taken steps to find Plaintiffs' correct address and sent the tax statement to that address. Gerlt further argued that under ORS 308.330, the assessor cannot knowingly undervalue or overvalue property. In Gerlt's opinion, the key event in this case is the change in the status of the property from exempt to taxable, and that it was and is particularly important that the county determine the correct value for the initial year of assessment after so many years of exemption, because the maximum assessed value (MAV) must be established for the newly taxable property (no longer exempt) by multiplying the RMV by the change property ratio (CPR).

The 90 day appeal provision found in ORS 305.280(1) does not apply. That is because the appeal process for value reduction requests involves a petition to the Board in accordance with ORS 309.026 and ORS 309.100. The Board's order may be appealed to the Tax Court. ORS 309.110(7). Such appeals are governed by ORS 305.275(3) and ORS 305.280(4). As explained above, when that process is not timely and properly followed, the taxpayer (and the court) are limited to the provisions of ORS 305.288.

Returning to the ORS 305.288 analysis, Dawson was placed under oath and testified that he did not know about the tax liability prior to the BOPTA deadline. Dawson testified that he purchased the property in March 2010. When questioned by the court, Dawson testified that he owns about nine other properties in Douglas County, including industrial and commercial property in the town of Riddle, which is where the subject property is located, and a ranch just outside that town. When asked why he was not concerned about not receiving a property tax statement for the subject property in October 2010, Dawson stated that he *assumed* that since the property had been exempt the 30 or more years, the county would have to do a physical inspection to determine the value. Because he is the only one with a key to the property, he *assumed* that county officials would contact him to set up an appointment to view the property before making an assessment. Dawson *believed* that a physical inspection would be forthcoming because the property is in such poor condition, including a roof so bad that it rains as much indoors as it does outdoors.

Dawson testified that he first became aware of the taxes when the county sent him a copy of the tax statement to his post office box, a statement he received April 1, 2011. Dawson testified that there is no mail delivery in the town of Riddle, and that everyone has a post office box where they receive their mail.

Meyer responded that all that the taxpayer established was that there were things Dawson did not know and that he made assumptions which turned out to be incorrect. Responding

specifically to Dawson's argument about nonreceipt of the tax statement, Meyer stated that the assessor sent Dawson a sales verification letter to the property's physical address at 231 Main St. in Riddle, and that Dawson completed the form and sent it back to the assessor's office, strongly suggesting that he did in fact receive mail sent to the subject property. Meyer submitted a copy of that form to the court under cover letter dated September 27, 2011. The form does indeed tend to substantiate Meyer's claim that the document was sent to the property's physical address, both because the physical address of the property appears on that letter, and after Dawson completed the form, he sent it back by the assessor on or about April 29, 2010.[2] It also supports Meyer's theory that mail is received at the property's address.

Although the parties presented considerable facts on the issue of good and sufficient cause, the key fact, acknowledged by Plaintiffs' representative Gerlt and verified by the copy of the recorded deed Defendant submitted, is that Defendant sent the tax statement to the address it was instructed to mail the tax statement to. That is all that is required by statute. ORS 311.250(1). Moreover, ORS 311.250(2) provides that "[t]he failure of a taxpayer to receive the tax statement described in this section shall not invalidate any assessment, levy, tax, or proceeding to collect tax." In other words, Defendant sent the tax statement to the address to which it was instructed on the deed to mail that document. As the evidence suggests Dawson, one of the Plaintiffs, receives mail at that address, the court presumes Plaintiffs received the tax statement and, for reasons unknown to the court, failed to timely and properly pursue their quest for a reduction in value by petitioning the Board before December 31, 2010. And, as indicated above, even if Plaintiffs did not receive the tax statement, the fact that Defendant sent it to the correct address of record defeats any argument related thereto.

/ / /

---

[2] The copy of the document Meyer submitted to the court is stamped "Received" on the April 29, 2010, date. That stamp also bears the words "Douglas County Assessor."

Furthermore, it is the legal responsibility of the property owner to "notify the county assessor for the county where the property is located of that owner's current address." ORS 308.212(1). And, under ORS 311.555, property owners are statutorily required to "keep the tax collector of the county where such real or personal property is situate informed of the true and correct address of the person [owning real or personal property within the state]." Thus, Plaintiffs' attempt to shift the responsibility to the tax collector under ORS 311.560 by asserting that the collector could have taken steps to ascertain Plaintiffs' correct address is misguided.

Plaintiffs have not shown that they were prevented from properly pursuing their statutory right of appeal due to extraordinary circumstances beyond their control. Rather, it appears that Plaintiffs simply overlooked the matter until they received a follow-up billing from the tax collector which prompted Dawson to look into the matter and conclude that an appeal was in order. At that point, it was too late to file an appeal.

On the facts before it, the court concludes that Plaintiffs have failed to establish good and sufficient cause for their untimely filed appeal and Defendant's request for dismissal should be granted. Now, therefore,

IT IS THE DECISION OF THIS COURT that this matter be dismissed.

Dated this ____ day of December 2011.

_____
DAN ROBINSON
MAGISTRATE

***If you want to appeal this Decision, file a Complaint in the Regular Division of
the Oregon Tax Court, by mailing to: 1163 State Street, Salem, OR 97301-2563;
or by hand delivery to: Fourth Floor, 1241 State Street, Salem, OR.
Your Complaint must be submitted within 60 days after the date of the Decision
or this Decision becomes final and cannot be changed.
This document was signed by Magistrate Dan Robinson on December 20, 2011.
The Court filed and entered this document on December 20, 2011.***